UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORREY EASON, an individual, <br><br>                         Plaintiff, <br><br>v. <br><br>THE ROMAN CATHOLIC BISHOP OF SAN DIEGO, a corporation sole, CATHOLIC SECONDARY EDUCATION – DIOCESE OF SAN DIEGO, INCORPORATED, a nonprofit public benefit corporation, <br><br>                        Defendants. | Case No.: 19-cv-577-WQH-BLM <br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Amended Motion to Dismiss the Third Through Sixth and Eighth Causes of Action and the Claim for Punitive Damages as Pled in Plaintiff's First Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (ECF No. 9) filed by Defendants The Roman Catholic Bishop of San Diego and Catholic Secondary Education – Diocese of San Diego, Inc. ("CSE").

**I.    BACKGROUND**

**A. <u>Procedural History</u>**

    On March 29, 2019, Plaintiff Torrey Eason initiated this action by filing a Complaint. (ECF No. 1). Plaintiff filed a First Amended Complaint ("FAC") on May 22, 2019. (ECF No. 5). Plaintiff alleges claims in the FAC against Defendants for 1) adverse employment action in violation of public policy; 2) violation of sections 1101 and 1102 of the California Labor Code; 3) failure to pay straight-time and overtime wages under

1

California law; 4) failure to pay meal period premium wages; 5) waiting-time penalties under section 203 of the California Labor Code; 6) failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"); 7) violation of section 226(a) of the California Labor Code; and 8) violation of section 17200 of the California Business & Professions Code. Plaintiff seeks damages, including punitive damages against CSE, interest, attorneys' fees and costs, and injunctive relief. *Id.* at 21.

On June 6, 2019, Defendants filed a motion to dismiss Plaintiff's third, fourth, fifth, sixth, and eighth causes of action and Plaintiff's claim for punitive damages. (ECF No. 9). Defendants contend that Plaintiff fails to state a claim upon which relief can be granted, because 1) Plaintiff was an exempt employee who is not entitled to the California Labor Code's protections; 2) Plaintiff requests relief that he cannot recover under section 17200 of the California Business & Professions Code; 3) Plaintiff does not show he lacks an adequate remedy at law under section 17200; and 3) Plaintiff failed to obtain a court order before requesting punitive damages against a religious institution. *Id.*

On June 25, 2019, Plaintiff filed a response to Defendants' motion to dismiss. (ECF No. 10). Plaintiff contends that 1) Defendants fail to show the affirmative defense of exemption applies; 2) Plaintiff has requested recoverable relief under section 17200; and 3) Plaintiff was not required to seek leave of court before seeking punitive damages against CSE. *Id.* On July 1, 2019, Defendants filed a Reply. (ECF No. 12).

**B. Factual Allegations in the FAC**

Plaintiff alleges that Defendants jointly operate Cathedral Catholic High School ("CCHS"), which employed Plaintiff as a college counselor beginning December 2016. (ECF No. 5 ¶¶ 4, 10-11). In April 2017, Plaintiff's supervisor, Ashley Bascom, asked if any of the counselors would volunteer as moderator for the new CCHS Gay Straight Alliance (the "PLUS Club"). *Id.* ¶¶ 12-13. Plaintiff agreed to be the moderator and revealed to Bascom and the other counselors that he is gay. *Id.* ¶ 13.

Plaintiff alleges that, after he identified himself as gay in front of his supervisor, through March 2018, he was disciplined by CCHS for various actions including attending

2

19-cv-577-WQH-BLM

a local LGBT fundraiser, openly declaring his sexual orientation, and participating in political activity in support of the LGBT community. *Id.* ¶¶ 27, 31. Plaintiff alleges CCHS's disciplinary reports were pretextual and made to look like he was being disciplined for "work-related reasons." *Id.* at 31.

On March 28, 2018, the principal of CCHS, Kevin Calkins, told Plaintiff his employment contract would not be renewed. *Id.* ¶ 32, Calkins allegedly told Plaintiff that he could continue working at CCHS until August 3, 2018, but that Plaintiff was not allowed to discuss the non-renewal of his contract with any parents or students. *Id.* ¶ 34. After Plaintiff discussed the non-renewal of his contract with "several parents and students," Calkins told Plaintiff on April 26, 2019, that he would no longer be allowed at CCHS. *Id.* ¶ 36.

Plaintiff alleges that, during his employment at CCHS, he worked overtime hours without compensation. *Id.* ¶ 58. Plaintiff identifies 16 pay periods from August 2017 through April 2018 where he alleges he worked overtime hours without pay. *Id.* ¶ 60. Plaintiff alleges that CCHS failed to maintain records of Plaintiff's overtime hours, but he estimates that he worked a total of 174 overtime hours. *Id.* ¶¶ 59-60. Plaintiff alleges that CCHS required him to work shifts of five or more hours without providing him a 30-minute meal period. *Id.* ¶¶ 68, 70. Plaintiff alleges that although CCHS failed to maintain records of Plaintiff's meal periods, he estimates he missed 10 meal periods during his employment. *Id.* ¶ 70.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted). If both parties advance plausible alternative explanations, then the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)," because "[t]he standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible.").

### III. DISCUSSION

#### A. Causes of Action 3, 4, and 6 – Wage and Hour Claims

Defendants contend that Plaintiff was an exempt employee, so Defendants were not required to comply with the overtime, meal period, and wage statement laws. (ECF No. 9-1 at 10). Defendants acknowledge that exemption is an affirmative defense. Defendants assert, however, that Plaintiff has the burden to include factual allegations in the FAC "regarding [his] classification," including the nature of his employment, salary, and job duties. *Id.* at 10-11.

Plaintiff contends that Defendants have the burden to plead and prove Plaintiff was an exempt employee, because exemption is an affirmative defense. (ECF No. 10 at 9). Plaintiff further contends that Defendants' affirmative defense is improper, because Defendants fail to establish the defense based only on the uncontested facts in the FAC. *Id.* at 10-11.

"Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *Asarco, LLC. V. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *see Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); Dismissal is improper if, from the allegations in the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact. *Asarco*, 765 F.3d at 1004 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

Whether an employee is exempt from overtime, meal and rest period, and certain wage statement requirements is an affirmative defense under California labor law and the FLSA. *See Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 794-95 (1999); *Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974) ("[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."). Exemptions are narrowly construed against the employer. *Haro v. City of L.A.*, 745 F.3d 1249, 1256 (9th Cir. 2014); *Nordquist v. McGraw-Hill Broad. Co.*, 38 Cal. Rptr. 2d 221, 226 (Ct. App. 1995). Exemptions "will not be found except [in contexts] plainly and unmistakably within [the given exemption's] terms and spirit." *Haro*, 745 F.3d at 1256 (quotation omitted) (alterations in original); *see Nordquist*, 38 Cal. Rptr. 2d at 226.

Defendants do not show that the facts alleged in the FAC establish that an exemption applies to Plaintiff. Defendants cite to the California Code of Regulations' exemption for

"administrative" employees. (ECF No. 9-1 at 10 (citing C.C.R. tit. 8, § 11040(1)(A)). Defendants do not show that facts in the FAC establish Plaintiff meets the requirements of any exemption, including the administrative exemption, which requires that an employee customarily and regularly exercises discretion and independent judgment, performs only under general supervision, and earns a monthly salary of at least twice the state full-time minimum wage. C.C.R. tit. 8, § 11040(1)(A)(2)(a)(II). Defendants do not show an "obvious bar to securing relief on the face of the complaint." *Asarco*, 765 F.3d at 1104.

Defendants' motion to dismiss the third, fourth, and sixth causes of action is denied.

## B. Fifth Cause of Action – Waiting Time Penalties

Defendants contend the Court should dismiss Plaintiff's fifth cause of action for waiting time penalties, because it is entirely derivative of the defective wage and hour claims. (ECF No. 9-1 at 11). Defendants do not establish that Plaintiff was an exempt employee. Defendants' motion to dismiss the fifth cause of action is denied.

## C. Eighth Cause of Action – Unfair Competition

California's Unfair Competition Law, California Business & Professions Code section 17200 et seq. ("UCL"), prohibits "any unlawful, unfair or fraudulent business practice." Cal. Bus. & Prof. Code §§ 17200, 17203. The UCL "borrows violations of other laws and treats them as unlawful practices" that are "independently actionable." *Cel-Tech Commuc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 561 (Cal. 1999). An action under the UCL is equitable in nature; damages cannot be recovered. *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003). Recovery under the UCL is limited to injunctive relief and restitution. *Id.* Statutory penalties under the Labor Code are not recoverable under the UCL. *Pineda v. Bank of Am., N.A.*, 241 P.3d 870, 878 (Cal. 2010). Penalties "are not designed to compensate employees for work performed . . . it is the employer's action (or inaction) that gives rise to [statutory] penalties. The vested interest in unpaid wages, on the other hand, arises out *of the employees'* action, i.e., their labor." *Id.* at 878-79 (emphasis in original).

///

### 1. Injunctive Relief

Defendants contend Plaintiff has no standing to seek injunctive relief under the UCL. Defendants assert that because Plaintiff is no longer employed at CCHS, there is no threat of continuing harm. (ECF No. 9-1 at 12-13). Plaintiff responds that he "does not seek injunctive relief under the UCL." (ECF No. 10 at 11). Plaintiff contends that he requests injunctive relief "pursuant to Labor Code section 226(h)," as stated in the unchallenged seventh cause of action and prayer for relief. *Id.*

To the extent Plaintiff requests injunctive relief under the UCL in the FAC, Plaintiff has clarified the request is withdrawn. *Id.* Defendants' motion to dismiss Plaintiff's UCL claim based on Plaintiff's request for injunctive relief is denied.

### 2. Adequate Legal Remedy

Defendants contend that Plaintiff cannot recover on his UCL claim, because Plaintiff not met his burden to show that his other causes of action do not afford him an adequate legal remedy. (ECF No. 9-1 at 13). Plaintiff asserts that he may concurrently pursue statutory claims and alternative equitable remedies under the UCL at this early stage in the litigation. (ECF No. 10 at 12).

In general, a plaintiff may only seek equitable relief under the UCL if he has no adequate legal remedy at law. *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016); *Prudential Home Mortg. Co. v. Sup. Ct.*, 78 Cal. Rptr. 2d 566, 573 (Ct. App. 1998). However, there is an "intra-circuit split" on the issue of whether it is appropriate to dismiss UCL claims at the pleading stage when they are based on identical facts as other claims providing the legal remedy of damages. *Wildin v. FCA US LLC*, 3:17cv-02594-GPC-MDD, 2018 U.S. Dist. LEXIS 102583, at *19, *21 (S.D. Cal. Jun. 19, 2018). Several district courts have dismissed UCL claims that are based on the same facts as other claims seeking legal remedies. *Id.* at *20; *see, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2015 U.S. Dist. LEXIS 88937, at *53 (N.D. Cal. Jul. 7, 2015) (dismissing UCL claim where plaintiff did not allege his claim for fraudulent concealment failed to provide an adequate remedy at law); *Durkee v. Ford Motor Co.*, No. C 14-0617 PJH, 2014 U.S. Dist.

LEXIS 122857, at *6 (N.D. Cal. Sep. 2, 2014) ("Because the UCL provides for only equitable remedies, and plaintiffs have an adequate remedy at law for the alleged Song-Beverly Act violation, plaintiff's UCL claim must be dismissed."); *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 U.S. Dist. LEXIS 58268, at *3-*4 (N.D. Cal. May 31, 2011) (dismissing UCL claim because "money damages will provide Plaintiffs with an adequate legal remedy if they prevail on their products liability claims").

Other courts in this circuit have "declined to follow this practice . . . primarily on the ground that no controlling authority prohibits a federal court plaintiff from pleading alternative remedies." *Wildin*, 2018 U.S. Dist. LEXIS 102583, at *21; *see id.* at *22 (holding that "dismissal of the Wildins' claims at this stage is premature, as there is no procedural bar to a federal court plaintiff pleading alternative remedies"); *see also Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-05452-JST, 2018 U.S. Dist. LEXIS 83553, at *18-*19 (N.D. Cal. May 17, 2018) (finding plaintiff could pursue alternative equitable remedies under the UCL at the pleading stage); *Adkins v. Comcast Corp.*, at *7 ("[T]his Court is aware of no basis in California or federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleading stage.").

This Court agrees with the decisions allowing plaintiffs to plead a UCL claim as an alternative legal remedy. No controlling authority prevents a plaintiff from pleading alternative legal remedies. In addition, "[d]iscovery may reveal that [the plaintiff's] claims providing legal remedies are inadequate for any number of reasons, despite the fact that their allegations appear adequate." *Wildin*, 2018 U.S. Dist. LEXIS 102583, at *21. Defendants' motion to dismiss Plaintiff's UCL claim for failure to show Plaintiff lacks an adequate remedy at law is denied.

### 3. Restitution

Defendants contend that Plaintiff cannot recover for waiting time penalties under the UCL. Defendants contend that the remedy provided by the waiting time provision, section 203 of the California Labor Code, is a penalty, which is not recoverable under the UCL.

(ECF No. 9-1 at 14). Plaintiff contends that he "does not seek *restitution* for waiting time penalties." (ECF No. 12 at 10) (emphasis in original).

Section 203(a) provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced . . . .

The California Supreme Court has made clear that a plaintiff cannot recover under the UCL for a violation of section 203. *See Pineda*, 241 P.3d at 879 (holding that "section 203 penalties cannot be recovered as restitution under the UCL"). Plaintiff's UCL Claim based on a violation of section 203 of the California Labor Code is dismissed.

Defendants further contend that Plaintiff cannot recover restitution for meal period violations under the UCL. (ECF No. 9-1 at 14). Plaintiff contends that "the meal period premium is a wage, and is therefore recoverable as restitution under the UCL." (ECF No. 10 at 13).

There is "no controlling precedent from the California Supreme Court" on the issue of whether meal period premiums are recoverable under the UCL. *Calleros v. Rural Metro of San Diego, Inc.*, No. 17-cv-00686 CAB-BLM, 2017 U.S. Dist LEXIS 120119, at *1 (S.D. Cal. Jul. 31, 2017). The relevant California Supreme Court decisions related to this issue are *Murphy v. Kenneth Cole Products, Inc.*, 155 P.3d 284 (Cal. 2007), and *Kirby v. Immoos Fire Protection, Inc.*, 274 P.3d 1160 (Cal. 2012).

In *Murphy*, the court examined whether recovery for meal and rest period violations is a "wage" or a "penalty." The court held that recovery "is a premium wage intended to compensate employees, not a penalty." *Murphy*, 155 P.3d at 297. The meal and rest period statute, section 226.7 of the California Labor Code, requires that an employee be paid "one additional hour of pay at the employee's regular rate of compensation" for each workday the employee is required to work through a meal or rest period. Cal. Lab. Code § 226.7(c). Interpreting section 226.7 "broadly in favor of protecting employees," the court found the

9

additional hour of pay is a wage. *Id.* at 290; *see id.* ("If denied two paid rest periods in an eight-hour workday, an employee essentially performs 20 minutes of 'free work.'").

The court explained that penalties in the Labor Code are generally assessed at an arbitrary, set amount. *Id.* at 292. The remedy in 226.7 is instead measured by the employee's regular rate of pay. *Id.* While other provisions explicitly label payments to employees a "penalty," the legislature chose not to apply that label to 226.7. *Id.* Finally, the court determined that "the fact that section 226.7 seeks to shape employer behavior in addition to compensating the employee," is no different from other provisions that provide recovery of wages, like those for overtime pay. *Id.* at 295.

In *Kirby*, the California Supreme Court considered whether section 218.5 of the California Labor Code authorizes an award of attorneys' fees to the prevailing party on a section 226.7 claim. 274 P.3d at 1167. Section 218.5 authorizes an award of attorneys' fees to the prevailing party in an "action brought for the nonpayment of wages . . . ." The court concluded that an action for violation of section 226.7 is not an action "for the nonpayment of wages." *Id.* The court reasoned, "Section 226.7 is not aimed at protecting or providing employees' wages." Instead, it is concerned with "requiring that employers provide meal and rest periods." *Id.* When an employee sues on the ground her employer violated section 226.7, the non-payment of wages is not the basis for the lawsuit. Rather, "the basis for the lawsuit is the employer's nonprovision of statutorily required rest breaks or meal periods." *Id.* The court stated:

> An employer's failure to provide an additional hour of pay does not form part of a section 226.7 violation, and an employer's provision of an additional hour of pay does not excuse a section 226.7 violation . . . . Accordingly, a section 226.7 claim is not an action brought for the nonpayment of wages; it is an action brought for the nonprovision of meal or rest breaks.

*Id.* at 1168.

District courts in this circuit have reached different conclusions regarding whether a plaintiff can recover under the UCL for a violation of section 226.7.

In *Calleros*, the court held that a plaintiff can recover section 226.7 wages under the UCL. 2017 U.S. Dist LEXIS 120119, at *7; *but see Parson v. Golden State FC, LLC*, No. 16-cv-00405, 2016 U.S. Dist. LEXIS 58299, at *1, *20 (N.D. Cal. May 2, 2016) (holding section 226.7 wages are not restitution because they are not awarded in exchange for the employee's labor) (citation omitted); *Guerrero v. Halliburton Energy Services, Inc.*, 231 F. Supp. 3d 797, 808 (E.D. Cal. 2017) (holding that section 226.7 wages do not constitute restitution recoverable under the UCL). The court in *Calleros* stated, "The failure to provide rest breaks still arise out of the employee's labor: the labor performed while working through a statutorily required rest break; and are therefore restitutionary." 2017 U.S. Dist LEXIS 120119, at *10. The court explained that its conclusion is consistent with *Murphy*, which "made clear that the wages required by section 226.7 compensated an employee who had worked through her rest or meal break." *Id.* at *11.

This Court finds the reasoning in *Calleros* persuasive. Wages awarded for meal period violations are recoverable as restitution under the UCL. Wages recovered under section 226.7 compensate the employee for more than the hours actually worked. However, overtime pay compensates an employee with an additional half hour of pay for every hour worked and is recoverable as restitution under the UCL. *Cortez v. Purolator Air Filtration Prods. Co.*, 999 P. 2d 706, 716 (Cal. 2000). The recovery provided by section 226.7 compensates employees for time the employee worked and was not paid, just like overtime pay. *Murphy*, 155 P.3d at 287. Defendants' motion to dismiss Plaintiff's UCL claim based on Plaintiff's request for recovery for meal period premium wages is denied.

### D. Punitive Damages

Defendants contend that the Court should dismiss Plaintiff's claim for punitive damages against CSE, because Plaintiff did not seek leave of court pursuant to section 425.14 of the California Code of Civil Procedure to file a punitive damages claim. (ECF No. 9-1 at 15). Plaintiff asserts that section 425.14 does not apply, because CSE is a nonprofit public benefit corporation, not a religious corporation. (ECF No. 10 at 13-14).

California Code of Civil Procedure section 425.14 provides, in relevant part:

> No claim for punitive or exemplary damages against a religious corporation or religious corporation sole shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive or exemplary damages to be filed. The court may allow the filing of an amended pleading claiming punitive or exemplary damages on a motion by the party seeking the amended pleading and upon a finding, on the basis of the supporting and opposing affidavits presented, that the plaintiff has established evidence which substantiates that plaintiff will meet the clear and convincing standard of proof. . . .

Regardless of whether CSE qualifies as a "religious corporation" under the statute, section 425.14 does not apply to Plaintiff's FAC. For state law claims, "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Section 425.14 establishes a procedural, rather than substantive, rule.

There is no controlling authority regarding section 425.14's applicability in federal court, and there are only seven federal cases that mention section 425.14: *Kessel v. New Hope Cancer Research Inst.*, EDCV 18-240 JGB (SPx), 2018 U.S. Dist. LEXIS 225967, at *1 (C.D. Cal. Jun. 19, 2018); *Shinde v. Nithyananda Found.*, EDCV 13-0363 JGB (SPx), 2013 U.S. Dist. LEXIS 70002, at *1 (C.D. Cal. May 10, 2013); *Headley v. Church of Scientology Int'l*, CV 09-3987 DSF (MANx), 2009 U.S. Dist. LEXIS 131766, at *1 (C.D. Cal. Aug. 12, 2009); *Yu-sze Yen v. Buchholz*, No. C-08-03535 RMW, 2009 U.S. Dist. LEXIS 8911, at *1 (N.D. Cal. Feb. 7, 2009); *Franklin v. Allstate Corp.*, No. C-06-1909 MMC, 2007 U.S. Dist. LEXIS 51332, at *1 (N.D. Cal. Jul. 3, 2007); *Naranjo v. Salvation Army*, No. C 06-02005 SI, 2006 U.S. Dist. LEXIS 72229, at *1 (N.D. Cal. Sep. 21, 2006); *Ramirez v. Salvation Army*, No. C06-0631 THE, 2006 U.S. Dist. LEXIS 48022, at *1 (N.D. Cal. Jul. 6, 2006).

Of those seven cases, only one applied section 425.14 to dismiss a plaintiff's complaint. *See Ramirez*, 2006 U.S. Dist. LEXIS 48022, at *26-*27 (summarily dismissing "Plaintiffs' claims for punitive damages under the law"). Four cases either found the section 425.14 issue moot or did not apply it at all. *Kessel*, 2018 U.S. Dist. LEXIS 225967, at *8 (C.D. Cal. Jun. 19, 2018); *Headley*, 2009 U.S. Dist. LEXIS 131766, at *24; *Yu-sze*

*Yen*, 2009 U.S. Dist. LEXIS 8911, at *4; *Franklin*, 2007 U.S. Dist. LEXIS 51332, at *10-*11.

The courts in *Naranjo* and *Schinde* determined that section 425.14 does not apply in federal court. In *Naranjo*, the court explained that section 425.14 "does not contain any substantive elements of a punitive damages claim, nor does it limit a plaintiff's recovery in any way." 2006 U.S. Dist. LEXIS 72229, at *9. Rather, it sets forth a procedural rule for obtaining court approval before seeking punitive damages. *Id.* (citations omitted). The court in *Shinde* agreed, reasoning that section 425.14 is no different than the "procedural" rule in section 425.13 of the California Code of Civil Procedure, which requires a party to obtain court approval before seeking punitive damages against a health care provider. 2013 U.S. Dist. LEXIS 70002, at *44-*46 (citing *Jackson v. East Bay. Hosp.*, 980 F. Supp. 1341, 1352 (N.D. Cal. 1997).

Section 425.14 is procedural in nature and not applicable in federal court. Section 425.14 does not affect a plaintiff's substantive rights; it merely provides a procedural hurdle. As such, section 425.14 does not bar Plaintiff's punitive damages claim. Defendants' motion to dismiss Plaintiff's punitive damages claim is denied.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Amended Motion to Dismiss the Third Through Sixth and Eighth Causes of Action and the Claim for Punitive Damages as Pled in Plaintiff's First Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6) (ECF No. 9) is GRANTED in part and DENIED in part. Plaintiff's UCL claim in the eighth cause of action, based on a violation of section 203 of the California Labor Code, is DISMISSED WITHOUT PREJUDICE. Any motion for leave to amend must be filed within 30 days of this Order.

Dated: October 7, 2019

Hon. William Q. Hayes
United States District Court